■ JARDIN FASHIONS OF PARIS, LTD., Plaintiff-Appellant, v FLYING TIGER LINE, INC., et al., Defendants, and SKYLITE EXPRESS CO., LTD., Respondent.

Plaintiff is the consignee of a shipment of goods which was transported from the manufacturer in Hong Kong to New York. Skylite acted as an air freight forwarder which, in addition to arranging for the transportation of the goods by a common carrier, consolidated the shipment and arranged for delivery safely at the point of destination (*see, Chicago, Milwaukee, St. Paul & Pac. R. R. Co. v Acme Frgt.,* 336 US 465, 484; *Aquascutum of London v S. S. Am. Champion,* 426 F2d 205, 209-210). The action was brought against Skylite and others to recover $1,400 for water damage sustained. Skylite moved to dismiss on the ground of lack of personal jurisdiction, alleging that it transacted no business in the State sufficient to confer personal jurisdiction.

However, on this record, we agree that the activities of Skylite in Hong Kong were sufficient to amount to the transaction of business so as to confer requisite personal jurisdiction. As a freight forwarder consolidator, Skylite acted in a dual capacity, not only arranging for the transportation by common carrier but also effecting delivery here and thereby subjecting itself to New York's long-arm jurisdiction (CCA 404 [a] [1]; *cf. Acquascutum of London v S. S. Am. Champion,* 426 F2d, at p 210).

Parenthetically, it may be noted that, subsequent to the events at issue here, New York's long-arm statute was amended to provide as a basis for jurisdiction, where the defendant "contracts anywhere to supply goods or services in the city" (CCA 404 [a] [1], eff Sept. 1, 1983; *see also,* CPLR 302 [a] [1]). Thus, had the cause of action here accrued after the effective date of the amendment, there is no question but that there would be requisite personal jurisdiction. Concur — Carro, J. P., Asch, Fein and Kassal, JJ.