*25 OPINION OF THE COURT
Per Curiam.
Order entered June 9, 2003 affirmed, without costs.
Civil Court properly dismissed the complaint based on plaintiff’s failure to establish that the Florida domiciled defendants transacted business within New York City (see, CCA 404 [a] [1]) by selling an automobile to plaintiff through “eBay,” an on-line auction house. The isolated sales transaction, the result of “random” and “attenuated” contacts, was insufficient to confer personal jurisdiction (see, Winfield Collection v McCauley, 105 F Supp 2d 746, 749 [ED Mich 2000]; Metcalf v Lawson, 148 NH 35, 39-40, 802 A2d 1221, 1226 [2002]), particularly in these circumstances where delivery of the car undisputedly was made in Florida (cf., Jardin Fashions of Paris v Flying Tiger Line, 110 AD2d 587 [1985]). Nor did defendants’ conduct in sending faxes and e-mails or making phone calls to New York City constitute the transaction of business within the meaning of the applicable long-arm statute (see generally, Granat v Bochner, 268 AD2d 365 [2000]).
Suarez, EJ., McCooe and Gangel-Jacob, JJ., concur.