## CIRCUIT COURT OF FAIRFAX COUNTY

Irving

v.

Wagner Zone, Inc., et al.

June 6, 2005

Case No. CL2004-227003

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on Defendants' Motion by Special Appearance to Contest Personal Jurisdiction and Request Dismissal of the Motion for Judgment.

The Court now has considered the briefs submitted as well as the oral arguments of all parties and, for the reasons set forth below, the Court holds that it does not have *in personam* jurisdiction over the Defendants. Therefore, the Court orders the cause dismissed upon this ground.

### *Facts*

This is a contract dispute arising out of a used car sale on an Internet auction website. The Defendant, Wagner Zone, Inc., an Illinois corporation, listed a 2003 Subaru Legacy Wagon for sale on "eBay's" website as an item "with reserve." The webpage did not list the amount necessary to meet the reserve, but allowed any interested buyer to contact the seller for further details concerning the car. Under the website's provisions, a seller is not obligated to sell an item to any buyer if the

128

reserve price has not been met. Further, the winning bid must meet the reserve price and represent the highest bid on the item.

The buyer and Plaintiff in this suit, a citizen and resident of the Commonwealth of Virginia, contacted the Defendant Seller through the website's e-mail server. The Plaintiff inquired of Defendant the reserve amount and asked for further details about the car's description. Defendant returned an e-mail message to Plaintiff that revealed the set reserve amount required to purchase the vehicle.

Upon receipt of the message from Defendant, Plaintiff bid the required reserve amount of $14,905.00 and was the accepted purchaser of the vehicle. Plaintiff and Defendant then engaged in numerous communications to send and receive payment between the parties and to arrange for transfer of the vehicle. Significantly, the Seller also required local pickup in Illinois.

Subsequently, Plaintiff arranged for pickup in Illinois and brought the car to Virginia. After inspection of the vehicle, Plaintiff determined the car to be defective and sought rescission of the vehicle's sale contract with Defendant. The Defendant, through its agents, refused to rescind the transaction, whereupon Plaintiff filed the instant action against Wagner Zone, Inc., and its agents which alleges the following causes of action: Violation of the Virginia Consumer Protection Act of 1977, Breach of Warranty, Breach of Contract, and a Violation of Virginia Code § 46.2-1529.1 (Disclosure of Express Warranties).

On these facts, the Defendants by Counsel made a Special Appearance in this Court on May 12, 2005, to challenge this Court's jurisdiction over the Defendants.

*Standard of Review*

When a defendant challenges the exercise of jurisdiction by a forum, the question "is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by the preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). To prevail on a jurisdictional challenge, "a plaintiff need only make a *prima facie* showing of a sufficient jurisdictional basis on the basis of the complaint." *Rannoch, Inc. v. The Rannoch Corp.*, 52 F. Supp. 2d 681, 684 (E.D. Va. 1999), *citing Combs*, 886 F.2d at 676. In making its determination, the Court "must construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the existence of jurisdiction." *Id.*

A two-step process is required to ascertain the existence of personal jurisdiction over the Defendants. First, the Court must determine whether the "plaintiff has made a *prima facie* showing that Virginia's long-arm statute reaches the non-resident defendant given the cause of action alleged and the nature of the defendant's Virginia contacts." *Rannoch*, 52 F. Supp. 2d at 684. Second, the Court "must determine whether the exercise of personal jurisdiction in the circumstances is consistent with the Due Process Clause. . ." of the Fourteenth Amendment of the U.S. Constitution. *Id.*

## Analysis

In the case at bar, Plaintiff must assert long arm jurisdiction over Defendants because Defendants are citizens and residents of Illinois. Virginia Code § 8.01-328.1(A) allows a Court to exercise jurisdiction over a non-resident defendant when the cause of action arises from defendant's business transactions in the Commonwealth.

8.01-328.1. When personal jurisdiction over person may be exercised.

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth. . . .

B. Using a computer or computer network located in the Commonwealth shall constitute an act in the Commonwealth. . . .

The Virginia Supreme Court held that a single act, that is, the transacting of *any* business within the Commonwealth, confers jurisdiction over the defendant. *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971).

Plaintiff contends that long arm jurisdiction can be extended to the Defendants because the parties entered into a contract that constitutes a "business transaction" under the Long Arm Statute. If the "single act" alleged by the Plaintiff is a contract between a non-resident and resident, then courts will look to the *place* of its consummation. *Bay Tobacco,*

*L.L.C. v. Bell Quality Tobacco Prods.*, 261 F. Supp. 2d 483 (E.D. Va. 2003). If the place of consummation was Virginia, then the contract constitutes a "business transaction" under the Statute.

To establish the place of consummation, courts look to the place of the contract's negotiation and execution, who initiated the contract, the extent of the communications between the parties, and where the obligations of the parties under the contract were to be performed. *Id.* at 493. In Plaintiff's Memorandum of Points and Authorities in Support of Personal Jurisdiction, Plaintiff cites instances of both written and oral communication between the parties to aver that the parties consummated the contract in Virginia, not Illinois.

The Court finds, however, that the alleged contract of sale between the parties does not satisfy the first prong of the jurisdictional requirement because the contract was not consummated in Virginia. As the contract arose out of an auction transaction, the analysis as to the place of contract formation does not rely upon the factors of communication or the place of obligation as stated in the *Tobacco* case, but instead, upon the straightforward code provisions that address auction sales.

The Virginia Code contemplates two categories of auction sales: with reserve and without reserve. "In an auction with reserve the auctioneer may withdraw the goods at any time until he announces completion of the sale." Va. Code § 8.2-328(1) through (3). In other words, a contract between the buyer and seller only forms upon acceptance by the seller of a buyer's bid. In contrast, an auction without reserve establishes each buyer's bid as the "consummation of a contract, subject only to the receipt of a higher bid." *Holston v. Pennington*, 225 Va. 551, 557, 304 S.E.2d 287 (1983); *see also Malcolm v. Esposito*, 63 Va. Cir. 440 (2003).

The facts in this case reveal an auction sale "*with* reserve." Therefore, any contract formed between the parties would have been consummated at the time of Defendant's acceptance of Plaintiff's bid. Defendant accepted Plaintiff's bid in Illinois, not Virginia. On these facts, the Plaintiff fails to allege any one business transaction in the Commonwealth accomplished by Defendants.

Virginia Code § 8.01-328.1(B) also confers long arm jurisdiction over non-residents when a computer or computer network located in the Commonwealth is used by a non-resident. Long arm jurisdiction fails against Defendant in this case as well because Defendant did not "manifest an intent to target and focus on Virginian" buyers. *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002). On the contrary,

Defendant stipulated on the auction website that local pick-up in Illinois was required. Defendant did not avail itself to Virginian buyers over the computer or computer network so as to deem Defendant "focused" on Virginia.

## Conclusion

For the reasons stated above, this Court finds that it does not have *in personam* jurisdiction over the Defendants in the instant case.