965 So.2d 497 (2007)
Daniel A. CRUMMEY
v.
Linda MORGAN, John R. Fulton a/k/a J.R. Fulton, J.R. Fulton d/b/a the Trading Post, [d/b/a] Watercraft Unlimited.
No. 2007 CW 0087.
Court of Appeal of Louisiana, First Circuit.
August 8, 2007.
*498 Clayton J. Joffrion, New Orleans, Counsel for Respondent Daniel A. Crummey.
Keith D. Crawford, Gonzales, Counsel for Relator Linda Morgan, John R. Fulton a/k/a J.R. Fulton, J.R. Fulton d/b/a The Trading Post, d/b/a Watercraft Unlimited.
Before: WHIPPLE, KUHN, GAIDRY, WELCH, and HUGHES, JJ.
*499 KUHN, J.
Applicants-defendants, Linda Morgan, John R. Fulton also know as J.R. Fulton, and J.R. Fulton doing business as The Trading Post, doing business as Watercraft Unlimited, apply for supervisory writs, seeking a review of the trial court's denial of their exception of lack of personal jurisdiction. We deny the application.

PROCEDURAL AND FACTUAL BACKGROUND
This litigation arises from the sale of an allegedly defective 1981 recreational vehicle ("RV") by the Texas defendants to a Louisiana resident, plaintiff-relator, Daniel A. Crummey, who learned of the availability of the vehicle by viewing it on eBay. On June 29, 2006, after purchasing the RV from the defendants, Crummey filed a petition for damages averring that it was defective. He alleged that the Louisiana district court had jurisdiction under the Louisiana long arm statute and that service had been made on the defendants on July 6, 2006.
The allegations of Crummey's petition set forth the following facts. Crummey viewed numerous pictures of RVs for sale on eBay. After settling on one, he used an Ascension Parish telephone service line and sent inquiries to defendants about the condition and price of the RV. Crummey made an $800 down payment by credit card via telephone in Ascension Parish, and he expressly reserved the right to rescind the sale pending inspection and testing of the vehicle.
Although the defendants offered delivery in Ascension Parish, he chose to pick up the RV in Princeton, Texas, to allow him the opportunity to actually test the vehicle's condition. After he had "conducted as much of an inspection as was possible without actual highway driving," Crummey paid the balance of $3,025 to the defendants. About 40 miles into his journey back to Louisiana, the vehicle quit running. Crummey also determined that the dashboard air conditioner did not work, and that the RV's generator would not run continuously. Crummey phoned defendants' representatives, who were unable to fix the RV. Defendants' representatives towed away the RV.
Crummey called Fulton, advising that he desired to rescind the sale and wanted a refund of $3,825, which included both the down payment and the balance he had paid to defendants. Defendants eventually agreed to rescind the sale, sent him a check for $3,025 marked "paid in full," kept the down payment of $800, and charged another $500 "for [Fulton's] trouble."
Additionally, Crummey's petition avers that the defendants made the following misrepresentations to him. On the eBay website, they posted the statement, "everything works great on this RV and will provide comfort and dependability for years to come. This RV will go to Alaska and back without problems!" In a subsequent telephone conversation with Crummey, Morgan misrepresented that she had been inside the vehicle and could confirm that the eBay representations were true. And after the RV had broken down, Morgan again misrepresented, in written correspondence dated June 6, 2006, that Crummey had rejected the offer to repurchase the RV and the defendants were holding the RV for him to pick up or they could deliver it to Ascension Parish if he sent adequate funds.
Defendants have not answered Crummey's petition, filing instead a declinatory exception raising the objection of lack of jurisdiction over the person. Plaintiff thereafter propounded interrogatories, which were objected to by defendants' *500 counsel, who refused to respond to the interrogatories until a trial court ruling on the issue of jurisdiction. At the hearing on the exception, the trial court deferred ruling on the declinatory exception, issuing instead an order requiring defendants to answer the interrogatories relevant to the issue of whether the court had personal jurisdiction over them. The trial court expressly stated that these responses to the interrogatories "shall not be deemed as [an] appearance" and would not be considered a "submission" by defendants to the court's jurisdiction.
Pursuant to the trial court order, defendants gave the following responses in their answers to the interrogatories:
Two (2) items, which were sold by defendants, was (sic) delivered to the State of Louisiana within the last year. However, all sales and transfer of ownership took place in the State of Texas. Clear titles were provided on ALL sales to EVERY customer. The customer was free to obtain a title in any state they so chose after the sale. Of the two (2) deliveries in Louisiana, defendants were only able to locate information on one of these transactions.
Defendant's son . . . delivered a boat . . . July 5, 2006 to . . . Houma, Louisiana. . . .
They also stated that a vehicle may be purchased from them through the Internet if the purchaser is the high bidder or if the reserve amount was met or exceeded.
The trial court overruled the defendants' exception of lack of personal jurisdiction, indicating:
[The defendants] originally entered Louisiana through the computer. . . . And that's when they made the minimum contacts. When they entered Louisiana and they tried to sell a vehicle . . . to an individual in Louisiana, they have entered our jurisdiction when they did that, and this is not an information-only site . . . eBay is not a site where you go and you advertise, although some people do maybe. . . . [I]n this particular case, it was obviously put on eBay for sale. This person contracted with them to buy that vehicle, sent them a deposit, and just went and just happened to sign the papers and all in Texas. . . . [T]hey did make minimum contact at that time, when they tried to solicit business here in Louisiana.
From an order in conformity with the trial court's ruling issued on January 20, 2007, defendants apply for supervisory writs.[1]

DISCUSSION
Appellate courts conduct a de novo review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. Frederic v. Zodiac Dev., 02-1178, p. 4 (La.App. 1st Cir.2/14/03), 839 So.2d 448, 452. A district court's factual findings underlying a decision on the legal issue of personal jurisdiction over a nonresident are reviewed under the manifest error standard of review. Griffith v. *501 French, 97-2635, p. 3 (La.App. 1st Cir.12/28/98), 723 So.2d 1140, 1142, writ denied, 99-0220 (La.3/19/99), 740 So.2d 116.
On the trial of declinatory exceptions, evidence may be introduced to support or controvert any of the objections pleaded when the grounds thereof do not appear from the petition, citation, or return. See La. C.C.P. art. 930. Evidence of the existence of those predicate facts is crucial to the proper disposition of the exception. McKnight v. D & W Health Serv., Inc., 02-2552, pp. 9-10 (La.App. 1st Cir.11/7/03), 873 So.2d 18, 24; see also Byers v. Edmondson, 00-1985, p. 4 (La.App. 1st Cir.11/9/01), 807 So.2d 283, 285, writ denied, 01-3238 (La.2/8/02), 809 So.2d 142 (affirming the trial court's grant of an exception of lack of personal jurisdiction relying in part on excerpts from defendants' deposition and their answers to discovery propounded by plaintiffs). Thus, we find no error in the trial court's order requiring defendants to respond to interrogatories insofar as they were limited to elicit information on the underlying facts necessary to dispose of the issue of the court's jurisdiction over the defendants.
The Louisiana long arm statute, La. R.S. 13:3201, provides for the exercise of personal jurisdiction over a nonresident defendant, stating in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state. . . .
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state. . . .
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
With the enactment of La. R.S. 13:3201 B, the sole inquiry is whether the exercise of jurisdiction comports with constitutional due process. Alonso v. Line, 02-2644 (La.5/20/03), 846 So.2d 745, cert. denied, 540 U.S. 967, 124 S.Ct. 434, 157 L.Ed.2d 311 (2003).
The due process test, which was first enunciated in Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945), requires that to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The test has evolved to include a "minimum contacts" prong, which is satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126, p. 6 (La.4/13/99), 731 So.2d 881, 885-86, cert. denied, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)). The nonresident's "purposeful availment" must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. Ruckstuhl, 98-1126 at p. 6, 731 So.2d at 885 (citing World-Wide Volkswagen Corp. v. Woodson, *502 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Such contacts may be effectuated by mail and electronic communications, as well as physical presence. Spomer v. Aggressor Int'l, Inc., 00-1646, p. 5 (La.App. 1st Cir.9/28/01), 807 So.2d 267, 272, writ denied, 01-2886 (La.1/25/02), 807 So.2d 250.
The "purposeful availment" requirement for the exercise of specific jurisdiction over nonresident defendants ensures that they will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. Burger King Corp. v. Rudzewicz, 471 U.S. at 475, 105 S.Ct. at 2183. To determine whether minimum contacts exist, a court must engage in a factual determination of "the relationship among the forum, the defendant, and the litigation." A & L Energy, Inc. v. Pegasus Group, 00-3255, p. 6 (La.6/29/01), 791 So.2d 1266, 1271-72, cert. denied, 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001) (citing Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977)).
Defendants maintain that they do not have the requisite "minimum contacts" for a Louisiana court to exercise personal jurisdiction, asserting that: (1) the mere placing of an item for sale on eBay should not subject a foreign domiciliary or corporation to the personal jurisdiction of a Louisiana court; (2) entering a Louisiana judicial district via the computer through eBay or an information-only Internet website with no other forms of advertising or solicitation are insufficient "minimum contacts" to justify Louisiana's exercise of personal jurisdiction; (3) they are a Texas-based corporation or individual residents and domiciliaries of Texas and should not be haled into a Louisiana court; (4) they do not maintain an office, bank account, telephone number, or post office box in Louisiana; and (5) they are not registered or licensed to do business in Louisiana and do not directly advertise, solicit business, or employ anyone in Louisiana. Defendants point out that Crummey initially made a deposit using a telephone; he flew to Texas to purchase the RV; all deliveries and cash transactions occurred in Texas; and the vehicle was test driven in Texas. Thus, they contend, the only contact the parties have with Louisiana in this case is that plaintiff lives here.
Defendants rely on Quality Design and Constr., Inc. v. Tuff Coat Mfg., Inc., 05-1712 (La.App. 1st Cir.7/12/06), 939 So.2d 429, an opinion of this court, which addressed the issue of "minimum contacts" in the context of Internet transactions. In Tuff Coat, a Louisiana general contractor brought an action against a Colorado supplier, alleging that damages occurred when coating, purchased from the supplier using information gained from the supplier's Internet site, leached into a water park's water purification system.
In reaching its conclusion that the Louisiana court lacked personal jurisdiction over the Colorado supplier, the Tuff Coat court looked to Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997), as a measure of an Internet site's connection to a forum state, which had explained:
[O]ur review of the available cases . . . reveals that the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. *503 If the defendant enters into a contract with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. E.g., CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir.1996). At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. E.g., Bensusan Restaurant Corp. v. King, 937 F.Supp. 295 (S.D.N.Y.1996). The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site. E.g., Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328 (E.D.Mo.1996). (Emphasis added.)
Applying the sliding scale, the Tuff Coat court concluded that the supplier's website was passive because it was informational only. Noting that Internet users could not purchase products from the supplier's website and that web users could not download repeated or regular information from the website, the Tuff Coat court pointed out that the extent of interactivity between the Tuff Coat website and a web user was limited to an invitation to actual customers to make a one-time contact  initiated by the customers  which would allow them to have their names placed on a web page list if they so desired. The orders were then shipped by the supplier FOB (free on board),[2] which had the effect of transferring ownership of the products to customers when it left the loading dock. As such, it was not grounds for the exercise of personal jurisdiction over the supplier. The Tuff Coat court also concluded that four other sales by the supplier to Louisiana entities were "fortuitous," emphasizing that the prior shipments into Louisiana had been made FOB, and refused to find jurisdiction on that basis.
In the case presently before us, Crummey alleges that he was able to actually purchase an item, securing the sale by credit card payments initially issued from Louisiana and accepted by the defendants over the Internet. Thus, defendants' use of eBay to sell the RV does not involve a merely passive website. Unlike the Tuff Coat website, which had been used only for informational purposes to advertise the supplier's products, the sale before us involves the services of eBay, an Internet sales mechanism, which permitted the defendants' product to be marketed for sale in Louisiana. Clearly, the defendants did business with Crummey over the Internet. Thus, the use of the eBay website to market and sell the RV to a Louisiana buyer is, on the Zippo sliding scale, more akin to those situations for which a finding of personal jurisdiction is proper.
The issue of whether an eBay seller was amenable to another state's personal jurisdiction was addressed in Dedvukaj v. Maloney, 447 F.Supp.2d 813, (E.D.Mich.2006). There, a Michigan federal court held that it had personal jurisdiction over a New York eBay seller accused of breach of contract, fraud, and misrepresentation. *504 The court noted that the defendant's auction listing stated he would ship paintings anywhere in the United States. The listing also provided customers with a toll-free telephone number and an e-mail address to allow them to contact the New York eBay seller. Because the defendant did not limit buyers from Michigan from participating in his auction and displayed a willingness to communicate with buyers from any state, the Dedvukaj court concluded that the defendant had purposefully availed himself of the benefits of conducting business in Michigan. The number of e-mails and phone calls between the parties, the intentional and misleading nature of the communications between the parties, and the defendant's acceptance of payment from Michigan were other factors that influenced the court's finding of a "purposeful availment" by the New York eBay seller. The court stated:
Internet forums such as eBay expand the seller's market literally to the world and sellers know that, and avail themselves of the benefits of this greatly expanded marketplace. It should, in the context of these commercial relationships, be no great surprise to sellers  and certainly no unfair burden to themif, when a commercial transaction formed over and through the Internet does not meet a buyer's expectations, they might be called upon to respond in a legal forum in the buyer's home state. Sellers cannot expect to avail themselves of the benefits of the Internet-created world market that they purposefully exploit and profit from without accepting the concomitant legal responsibilities that such an expanded market may bring with it.
Dedvukaj, 447 F.Supp.2d at 820. See also Tindall v. One 1973 Ford Mustang, (E.D.Mich.2006), 2006 WL 1329168 (a Michigan court concluded it had personal jurisdiction over California residents, who had sold a resident a car via eBay, because they had transacted business in Michigan) and Montalvo v. First Interstate Finance Corp. (Me.Super.2005), 2005 WL 380727 (a Maine court concluded it had personal jurisdiction over Florida residents, who had sold a resident a 2000 Ford Ranger truck via eBay, because Maine has a strong interest in protecting consumers from fraudulent sales practices).
Analyzing the facts before us, applying the standards articulated in Tuff Coat, particularly Zippo's sliding scale, we deny the writ application. The defendants entered into a contract to sell a vehicle  alleged to be defective  to a Louisiana resident utilizing the website, eBay, which greatly expanded their market. They accepted the original down payment, securing the sale with a credit card sent from Louisiana through the Internet. Defendants also provided Crummey with a telephone number which allowed him to engage in additional conversations with the sellers while he was in Louisiana. This was not an "information only" situation. Defendants used a variety of means of electronic communication to advertise, puff, negotiate, and accept payment for its product directed to a Louisiana consumer. Thus, sufficient minimum contacts, effectuated by electronic communications, have been established to maintain personal jurisdiction. See Hunter v. Meyers, 96-1075, p. 5 (La. App. 1st Cir.3/27/97), 691 So.2d 318, 323. To hold to the contrary would have a chilling effect on e-commerce in that buyers, wary of being haled into the home courts of out-of-state sellers, will refrain from purchasing goods on eBay and other similar internet websites should the merchandise they considered purchasing be defective or otherwise not conform to the advertised online representations.
We additionally note that Crummey has averred that defendants posted *505 allegedly false representations on the website about the quality of the RV which were viewed in Louisiana; similarly Morgan is alleged to have made misrepresentations about the quality of the RV and the parties' negotiation history. Thus, defendants have allegedly caused injury or damage in Louisiana by the offense of misrepresentation through their acts, and they have derived revenue from goods used or consumed in Louisiana so as to permit a Louisiana court another basis upon which to exercise personal jurisdiction over them under La. R.S. 13:3201 A(4).

DECREE
For the foregoing reasons, we find no error in the trial court's ruling concluding that it has personal jurisdiction over the defendants, Linda Morgan, John R. Fulton a/k/a J.R. Fulton, and J.R. Fulton d/b/a The Trading Post, d/b/a Watercraft Unlimited. Accordingly, the writ application is denied.
MOTION TO DISMISS WRIT APPLICATION DENIED; WRIT DENIED.
WELCH, J., dissents with reasons.
GAIDRY, J., dissents for reasons assigned by WELCH, J.
WELCH, J., dissenting.
I respectfully disagree with the majority opinion in this case. The plaintiff failed to meet his initial burden of establishing that the defendants had sufficient "minimum contacts" with Louisiana so as to permit the trial court to exercise personal jurisdiction over them. Therefore, the defendants' writ application should be granted, the judgment reversed, and the defendants' declinatory exception of lack of personal jurisdiction sustained.
A plaintiff asserting personal jurisdiction over a nonresident defendant has the initial burden of establishing that the defendant has established minimum contacts with this state. See Alonso v. Line, 2002-2644, p. 10 (La.5/2/0/03), 846 So.2d 745, 752, cert. denied, 540 U.S. 967, 124 S.Ct. 434, 157 L.Ed.2d 311 (2003); Quality Design and Const., Inc. v. Tuff Coat Mfg., Inc., XXXX-XXXX, p. 5 (La.App. 1st Cir.7/12/06), 939 So.2d 429, 433. Only after the plaintiff has met this burden, does a "presumption" arise "that jurisdiction is reasonable and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id.
The majority relies on Quality Design v. Tuff Coat and the Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997) "sliding scale"[1] to conclude that the defendants had sufficient *506 minimum contacts with Louisiana to maintain personal jurisdiction in this case. In doing so, the majority reasons that because the sale involved the services of eBay, an Internet sales mechanism, it permitted the defendants' product to be marketed for sale in Louisiana. The majority then concludes that the defendants were "clearly" doing business with the plaintiff over the Internet, and likens the defendants' use of the eBay website to cases, such as Dedvukaj v. Maloney, 447 F.Supp.2d 813 (E.D.Mich.2006); Tindall v. One 1973 Ford Mustang, 2006 WL 1329168 (E.D.Mich.2006); and Montalvo v. First Interstate Finance Corp., 2005 WL 380727 (Maine Super.2005), for which the assertion of personal jurisdiction under the Zippo "sliding scale" was deemed proper. However, these cases are factually distinguishable and do not support the assertion of personal jurisdiction in this case.
In Dedvukaj, the plaintiff, who won two separate auctions on eBay for paintings listed for sale by the nonresident defendants, brought suit for breach of contract, fraud and misrepresentation. During the auction process, and after winning the auctions, the plaintiff communicated several times with the defendants. The plaintiff sent a check to the defendants for the purchase price, and the defendants accepted the payment and cashed the check. The defendants never shipped the paintings but offered the plaintiff a full refund, which the plaintiff refused. The court concluded that personal jurisdiction over the defendants was proper under Michigan's long-arm statute because the defendants had transacted business in Michigan. Further, the court found the defendants "appear[ed] to be highly sophisticated sellers with an extensive offering of merchandise and a volume of business that requires a warehouse" and were not "random sellers on eBay." The court noted that the "[d]efendants' use of eBay [was] regular and systemic[,] . . . [they had] an eBay store offering multiple categories of merchandise, including art, antiques, clothing, jewelry, and computers[, and were] . . . listed as a `Power Seller,' display[ed] favorable marketing statistics, and require[ed] a warehouse for their goods. Defendants offer[ed] a toll-free number and appear[ed] to have several employees." The court, utilizing the Zippo analysis, concluded that such "factors present a situation where Defendants' experience and extensive use of the eBay website" warranted a finding that the defendants had purposefully availed themselves the privilege of conducting business in Michigan and, thus, had had sufficient minimum contacts with Michigan to establish personal jurisdiction.
Thus, in Dedvukaj the court's conclusion that jurisdiction was proper was based in large part on the overwhelming evidence in the record demonstrating that the nonresident defendants were a highly sophisticated eBay sellerevidence of which is notably absent in the case before us. The plaintiff's petition alleges that defendants solicited, advertised and offered for sale "over 100 boats, recreational vehicles, and motor vehicles per year using the internet," but no evidence was presented to support that allegation, nor was any evidence presented as to the defendants' overall eBay statistics or sales, its experience, or its sophistication as an eBay seller. Without such evidence, it is impossible to determine the "nature and quality of commercial activity that an entity [the defendants in this case] conducts over the Internet" as required by the Zippo "sliding scale." See Zippo, 952 F.Supp. at 1124.
In Montalvo v. First Interstate Finance Corp., 2005 WL 380727 (Maine Super.2005), the plaintiff, a resident of Maine, purchased a Ford Ranger Truck on *507 eBay from a Florida entity. The plaintiff paid the purchase price, the tax, title, and registration fees, and to have the truck shipped to him in Maine. The court found that the defendant directed a series of purposeful transactions with the plaintiff over the course of several months, advertising and answering inquiries about the truck, concluding the sale, completing the paperwork, shipping the vehicle and responding to the plaintiff's complaint, such that the exercise of personal jurisdiction was proper.
In Montalvo, the court's conclusion that jurisdiction was proper was based on the fact that there were a series of transactions over several months between the plaintiff and the nonresident defendanta fact which is again absent in the case before us. According to the plaintiff's petition, the sale between the plaintiff and the defendants involved limited contact between the parties (which was at all times initiated by the plaintiff), and was a one-time sale completed in less than one-month.
Again, in Tindall, a dispute arose from a single eBay sale. The court found jurisdiction was proper because "in selling the car to a Michigan resident, Defendants have transacted business in the state, giving this Court personal jurisdiction over them." While more factually analogous to this case, the Tindall case's reasoning, which analogized the situation to a "phone call or written correspondence to the forum," is flawed. A phone call or written correspondence to the forum must, by its very nature be specifically targeted to a resident of the forum, whereas placing an item for sale on eBay, which may be accessed by any person with a computer and Internet service, lacks such specific focus.
Notwithstanding the lack of evidence before us concerning the "nature and quality of commercial activity" that the defendants conduct over the Internet, the majority errs in strictly relying on the Zippo "sliding scale" to determine whether personal jurisdiction can be constitutionally exercised over a defendant who placed an item for sale on eBay.[2] In Zippo and in other cases following the Zippo "sliding scale" analysis in Internet jurisdiction cases (including this court's case of Quality Design v. Tuff Coat), the courts were evaluating the defendant's commercial activity on the defendant's own website. In this case, the transaction at issue was not conducted on the defendants' own website, but rather on the Internet auction website eBay. eBay is not a party to this action nor was it a party to the sale at issue. The defendants do not operate eBay nor do they control its commercial activity; they simply use it as a venue for vehicle auctions.
Moreover, as noted in International Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945) and reiterated in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985), our "court[s] long ago rejected the notion that personal jurisdiction might turn on `mechanical' tests" (such as the Zippo "sliding scale"),[3] *508 because the ultimate question remains whether the defendant's contacts with the state are of such a quality and nature that it could reasonably anticipate being haled into court in the forum state. In other wordsthe exercise of personal jurisdiction must still comport with constitutional due process. See Alonso, 2002-2644 at p. 6, 846 So.2d at 750 (noting that with the enactment of La. R.S. 13:3201(B) of the Louisiana long-arm statute, the sole inquiry is whether the exercise of personal jurisdiction comports with constitutional due process). Thus, regardless of whether the Zippo "sliding scale" analysis is employed or not, it should not be relied upon exclusively, to determine the appropriateness of personal jurisdiction over the nonresident defendant.
In analyzing the facts of this case, the majority focuses "particularly" on Zippo's "sliding scale," and in doing so, they fail to consider the most important question in any personal jurisdiction due process inquirythat is, whether the defendant has purposefully availed itself of the privilege of conducting activities within Louisiana, thus invoking the benefits and protections of its laws. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) (when a forum state chooses to assert personal jurisdiction over a nonresident defendant, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws").
In finding that Louisiana has sufficient minimum contacts to establish personal jurisdiction, the majority notes that the defendants entered into a contract to sell a vehicle to a Louisiana resident utilizing the eBay website. However, the fact that a nonresident has contracted with a resident of the forum state is, by itself, insufficient to confer personal jurisdiction over the nonresident. Burger King, 471 U.S. at 478-79, 105 S.Ct. at 2185.
The majority also notes that the defendants accepted the original down payment, which secured the sale, from a credit card sent from Louisiana and that the defendants provided the plaintiff with a telephone number, which allowed the plaintiff to engage the defendants in additional conversations while the plaintiff was in Louisiana. This analysis ignores several important legal precepts that must be considered when evaluating whether a defendant has purposefully availed itself the privilege of conducting activities within the forum state. First, it is only the defendant's contacts with the forum that count; "purposeful availment" "ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . the unilateral activity of another party or a third person." Burger King, 471 U.S. at 475, 105 S.Ct. at 2183; see also Hanson, 357 U.S. at 253, 78 S.Ct. at 1240 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state"). Second, the acts of the defendant relied upon in establishing minimum contacts must be "purposefully directed" at the forum state rather than "random, isolated or fortuitous." Id.; see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984).
Although no court of this state has ever considered the issue of whether personal *509 jurisdiction may be asserted over a non-resident defendant when an online auction is conducted through eBay (or some similar online auction), many other courts throughout the United States have considered the issue. Interestingly, the overwhelming majority of these courts have concluded, that the usual online auction process does not rise to the level of "purposeful conduct" required to assert personal jurisdiction. See Jones v. Munroe, 2 Misc.3d 24, 773 N.Y.S.2d 498 (2003);[4]Sayeedi v. Walser, 835 N.Y.S.2d 840, 15 Misc.3d 621 (N.Y.City Civ.Ct.), 15 Misc.3d 621, 835 N.Y.S.2d 840 (2007);[5]United Cutlery Corp. v. NFZ, Inc., 2003 WL 22851946 (D.Md.2003);[6]Machulsky v. Hall, 210 F.Supp.2d 531 (D.N.J.2002); Winfield Collection, Ltd. v. McCauley, 105 F.Supp.2d 746 (E.D.Mich.2000);[7]Boschetto v. Hansing, 2006 WL 1980383 (N.D.Cal. 2006);[8]Metcalf v. Lawson, 148 N.H. 35, 802 A.2d 1221 (2002);[9]Karstetter v. Voss, 184 S.W.3d 396 (Tx.Ct.App.2006);[10]Action Tapes Inc. v. Ebert, 2006 WL 305769 (N.D.Tex.2006); Action Tapes Inc. v. *510 Weaver 2005 WL 3199706 (N.D.Tex. 2005);[11]Buckland v. Hobbs, 176 N.C.App. 766, 627 S.E.2d 350, 2006 WL 695665 (2006);[12]Muir v. Assad, 2005 WL 3367697 (Ga.Super.2005);[13]Irving v. Wagner Zone, Inc., 68 Va. Cir. 127, 2005 WL 2242814 (2005);[14] and Scordato v. Dyess, 2005 WL 3635104, 73 Pa. D. & C.4th 360 (2005).[15] In so concluding, these courts focus on the manner in which the online auction is actually conducted, and note that the only intent manifested by an eBay seller is to "sell to the highest bidder," regardless of identity or location, and that the choice of the highest bidder is almost invariably beyond the control of the seller. Thus because the eBay seller has no authority over the audience to which the listings of their goods are disseminated, these court conclude that such sales over eBay are merely "random" and "attenuated" contacts that do not rise to the level of "purposeful availment" required to meet due process.
The plaintiff's uses of a telephone and computer in Louisiana to contact and subsequently make a down payment to the defendants constitute unilateral activity by *511 the plaintiff, and as such, are not contacts with Louisiana by the defendants. Furthermore, the few contacts that the defendants did have with Louisiana by virtue of this and any other sale on eBay were the exact type of "random, fortuitous, or attenuated" contacts that Burger King intended to exclude from jurisdictional reach. Placing an item for sale on eBay is a random method of initiating a sale and it is fortuitous in determining the location and whereabouts of the ultimate buyer. Moreover, there is no evidence that the defendants made a conscious choice to conduct this sale or other sales with a resident or residents of Louisiana, marketed their vehicles to potential customers in Louisiana, specifically welcomed bids from residents of Louisiana or engaged in any other act which would indicate that the defendants were "purposefully availing" themselves the privilege of conducting business in Louisiana or taking advantage of Louisiana law. Rather, like any other sale on eBay, the defendants in this case were prepared to sell the RV to whomever the highest bidder happened to be regardless of the state in which they happened to reside.
Lastly, while the majority is concerned that a contrary holding would have a chilling effect on e-commerce buyers wary of being haled into the home courts of out-of-state sellers, perhaps greater significance lies in how the majority's holding will affect e-commerce itself on eBay or other internet auction websites. The logical inference from the majority's holding is that any person or entity placing an item for sale on eBay, bought by any person in any foreign forum, is subject to the personal jurisdiction of that foreign forum. The mere existence of such a rule in e-commerce would clearly inhibit such transactionsmore so than any chilling effect on buyers wary of being haled into the home courts of out-of-state sellers.
While the plaintiff in this case will certainly be inconvenienced by having to go to Texas to assert his claim against the defendants, the plaintiff bought the RV without inspection knowing that it was in Texas. The plaintiff specifically chose to go to Texas to retrieve the RV and the sale of the RV was finalized in Texas. To summon the defendants from Texas into a Louisiana court on this matter and to assert personal jurisdiction over them, when they lack sufficient minimum contacts with this state, offends due process.
Thus, I respectfully dissent.
NOTES
[1] Plaintiff-relator filed a motion to dismiss the writ application asserting that it was untimely and lacked required documentation. The gist of his contention is that, although the request for writs was timely, the trial court set the return date outside the thirty-day limitation set forth in La. U.R.C.A. Rule 4-3; therefore, the application is untimely. This court routinely treats a return date set by the trial court outside the thirty-day limit as an extension of the return date under Rule 4-3. See e.g., Gibbs v. Delatte, 05-0281, p. 6 n. 5 (La.App. 1st Cir.12/22/05), 927 So.2d 1131, 1135 n. 5, writ denied, 06-0198 (La.4/24/06), 926 So.2d 548 (citing Barnard v. Barnard, 96-0859 (La.6/24/96), 675 So.2d 734). And relator has supplied the missing documentation. Thus, we find the application complies with the rules and deny the motion to dismiss.
[2] "Free on board" is defined as "A mercantile-contract term allocating the rights and duties of the buyer and the seller of goods with respect to delivery, payment, and risk of loss, whereby the seller must clear the goods for export, and the buyer must arrange for transportation." Black's Law Dictionary 690 (8th ed.2004).
[1] Zippo gave courts a "sliding scale," to measure personal jurisdiction in claims involving internet contact, as follows:

[t]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. . . . At one end of the spectrum are situations where a defendant clearly does business over the internet . . . [and] involve[s] the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. . . . At the opposite end are situations where a defendant has simply posted information on an Internet Web site . . . [and] does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. . . . The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer . . . [and] the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.
Zippo, 952 F.Supp. at 1124. (Citations omitted.)
[2] See Dara Chevlin, Schemes and Scams: Auction Fraud and the Culpability of Host Auction Web Sites, 18 Loy. Consumer. Rev. 223, 242-248; Metcalf v. Lawson, 148 N.H. 35, 802 A.2d 1221 (2002); McGuire v. Lavoie, 2003 WL 23174753 (N.D.Tex.2003); Sayeedi v. Walser, 835 N.Y.S.2d 840, 15 Misc.3d 621 (N.Y.City Civ.Ct.), 15 Misc.3d 621, 835 N.Y.S.2d 840 (2007); and Malcolm v. Esposito, 63 Va. Cir. 440 (2003).
[3] Professor Allan R. Stein has criticized the Zippo "sliding scale" as an "egregious failure of legal imagination" because it reverts back to evaluating jurisdiction in terms of physical presence rather than from a conceptual standpoint. Allan R. Stein, Personal Jurisdiction and the Internet: Seeing Due Process Through the Lens of Regulatory Precision, 98 Nw. U.L.Rev. 411, 430 (2004); see also Joan K. Coston, Embrace the New, But Don't Forget About the Old: Asserting Personal Jurisdiction Over the New Internet Age, 34 S.U.L.Rev. 249, 271-75 (2007).
[4] In Jones, the defendant, a Florida resident, sold the plaintiff, a New York resident, an automobile through eBay. The automobile was retrieved by the plaintiff from the defendant's state of residence in Florida. The lower court ruled that such contact was insufficient to confer personal jurisdiction and dismissed the suit. The reviewing court upheld the dismissal of the suit for lack of personal jurisdiction under New York's long arm statute.
[5] In Sayeedi, the plaintiff, a resident of New York, brought an action for breach of contract against the defendant, a resident of Missouri, resulting from the sale of an automobile through eBay. The automobile was shipped to New York. The court concluded that to summon the defendant into a New York court would contravene the traditional notions of "fair play" and "substantial justice" that have become the "touchstone of personal jurisdiction."
[6] In United Cutlery, the district court concluded that it had no jurisdiction over an eBay seller whose manifested intent was merely to sell to the highest bidder.
[7] In Winfield Collection, the district court determined that "[t]he only contact that [the defendant, a seller of homemade crafts on eBay] [was] proven to have [had] with the State of Michigan [were] fortuitous and de minimus: the results of two auction sales . . . over which Defendant had little, if any control," and thus it would "`offend traditional notions of fair play and substantial justice' to hale her into a Michigan court for suit when she has not purposefully availed herself of the benefits of Michigan law."
[8] In Boschetto, the plaintiff, a resident of California, purchased a defective 1964 Ford Galaxie on eBay from defendant, a resident of Wisconsin. The plaintiffnot the defendant  made arrangements for the pick-up of the vehicle in Wisconsin, purchased the car knowing it was in Wisconsin, and purchased the car without an inspection by himself or a third party. Thereafter, when suit was brought in California, the district court determined that "[e]xercising personal jurisdiction would be improper . . . because [defendant's] actions were not purposefully directed at the forum state."
[9] In Metcalf, the court concluded it had no personal jurisdiction over eBay seller from New Jersey because the seller did not purposefully avail herself the privilege of doing business in New Hampshire.
[10] In Karstetter, a Kansas resident obtained a default judgment against a Texas resident, then sought to enforce judgment in Texas. The court found Kansas had no personal jurisdiction over the eBay seller who rejected the buyer's offer to preempt the auction and instead let the bidding process conclude. The court noted the interaction between the parties was minimal, the email correspondence between the parties relating to the purchase was initiated by the plaintiff, and there was no evidence that the party traveled to Kansas or engaged in other transactions with the appellant or other Kansas residents. Thus, the court concluded that the defendant's contacts with Kansas were random, isolated, and fortuitous, and did not rise to a level that the defendant should have reasonably foreseen that he would be haled into a Kansas court.
[11] In Action Tapes Inc. v. Ebert and Action Tapes Inc. v. Weaver, the district court found no personal jurisdiction over an eBay seller where the traditional auction process was not altered or circumvented in any manner.
[12] In Buckland, the plaintiff, a North Carolina resident, filed a complaint alleging that he purchased a tractor from the defendant, a resident of Tennessee, on eBay. The court noted that the placement of an internet advertisement and one prior sale to a resident of North Carolina did not constitute sufficient minimum contacts with North Carolina to comply with the due process requirements of the due process clause to exercise personal jurisdiction. The defendant's only contacts were the solicitation for bids on eBay (which were not targeted at any particular state), e-mails exchanged between the parties, and the wire transfer of money to the defendant. Furthermore, the defendant never lived in North Carolina, never had an office or place of business in North Carolina, never worked in North Carolina, never shipped any goods to North Carolina, and when the plaintiff purchased the tractor, the plaintiff went to Tennessee to take delivery of the tractor.
[13] In Muir, the plaintiff filed suit when an automobile purchased via eBay from Washington arrived in worse condition than advertised. The court found the defendant had insufficient contacts with Georgia to satisfy the minimum contact requirement because the defendant had never been to the state of Georgia and had made no particular effort to "reach out" to any resident of Georgia in advertising the car for sale. Furthermore, the sale transaction took place in Washington, through the buyer's agent who received delivery of the car in Washington. Thus, the court concluded it lacked personal jurisdiction over the defendant.
[14] In Irving, another dispute arising out of a used car sale on eBay, the seller required "local pickup in Illinois. The plaintiff arranged for pickup in Illinois and delivery of the car to Virginia, and thereafter sought rescission of sale in Virginia. The court concluded the transaction did not occur in Virginia, and therefore, Virginia had no personal jurisdiction.
[15] In Scordato, the plaintiff purchased a 1981 Mercedes Benz from eBay from a Nevada defendant, who made misrepresentations about the vehicle's mileage and condition. The car was in defendant's possession in Nevada at the time of sale, the plaintiff mailed his payment for the automobile to the defendant in Nevada, and the plaintiff made arrangements to have the vehicle shipped from Nevada to Pennsylvania. The defendant never initiated contact with Pennsylvania in order to sell vehicle, and the defendant never entered Pennsylvania to contract for or complete the sale of the vehicle. The only contact the defendant had with Pennsylvania was to send the title and other paperwork for the vehicle to plaintiff after plaintiff initiated contact with defendant to purchase vehicle. The court described such contact as "attenuated" and "random" and therefore, court concluded that defendant's use of eBay to advertise his vehicle for sale did not justify assertion of jurisdiction over defendant.