GORBATY, J.,
dissents, with reasons.
_JjAs stated in the majority opinion, the United States Supreme Court first enunciated the due process test in 1945. See International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Since that time, technology has advanced to such a degree that it is possible for sellers to reach consumers in their homes worldwide. The onset of the internet has created a lapse between the method of doing business in 1945 and the legal system’s ability to keep up with technology-
In affirming a district court judgment granting an exception of lack of personal jurisdiction, the First Circuit explained, “[mjinimum contacts are established when the nonresident defendant ‘purposefully avails itself of the privilege of conducting activities within the forum [sjtate.’ ” Quality Design and Construction, Inc., v. Tuff Coat Mfg., Inc., 05-1712, p. 4 (La.App. 1 Cir. 7/12/06), 939 So.2d 429, 432, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 273, n. 15, 105 S.Ct. 2174, 2182, n. 15 (1985). The “purposeful availment” requirement for the exercise of personal jurisdiction over a nonresident defendant ensures that it will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. Burger King Corp., 471 U.S. at 475, 105 S.Ct. at 2183; deReyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 106 (La.1991).
[ gAs in this case, the defendant in Quality Design attested that it was not registered or licensed to do business in Louisiana, nor did it maintain an office, bank account, telephone number, or post office box in Louisiana. Defendant Tuff Coat did maintain an informational website. A consumer could not, however, purchase Tuff Coat products on that website; rather, the consumer had to make contact by telephone or by mail to purchase Tuff Coat’s products.
The First Circuit ultimately decided to employ a “sliding scale” measure to determine if an internet site’s connection to a forum state warrants the exercise of personal jurisdiction. This test, first enunciated in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D.Pa.1997), has at one end of the spectrum situations where defendants clearly do business over *1001 the internet, such as when orders for merchandise can be filled using the website, and the merchandise is shipped into the forum state. At the other end, there are defendants whose contacts with the forum state are passive, for example, informational websites only. In the middle are situations where a defendant has a website that allows a user to exchange information with a host computer. In the “middle,” jurisdiction would be determined by examining “the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.” Zippo, 952 F.Supp. at 1124.
In Quality Design, the court ruled that Tuff Coat’s website was a passive one, whereby information about its product was provided, but actual sales were arranged via telephone or mail. The court found personal jurisdiction was lacking.
However, in Crummey v. Morgan, 07-0087 (La.App. 1 Cir. 8/8/07), 965 So.2d 497, the First Circuit found that the sale of an RV motor home via eBay satisfied the due process requirements for personal jurisdiction. In that case, a seller in Texas sold a home to a Louisiana buyer. The buyer purchased the RV on the internet with a credit card. Id. at p. 10, 965 So.2d at 503. The Court reasoned that “the defendants did business with Crummey over the Internet. Thus, the use |sof the eBay website to market and sell the RV to a Louisiana buyer is, on the Zippo sliding scale, more akin to those situations for which a finding of personal jurisdiction is proper.” (emphasis added.), Id., also see Williams v. Frank Parra Auto Plex, Inc., 05-0737, pp. 6-7 (La.App. 3 Cir. 3/22/06), 929 So.2d 755, 760-61.
Using the Zippo sliding scale, I find that Hero Decks employed an active website that allowed persons to purchase and pay for merchandise which was subsequently shipped into Louisiana using the United States Postal Service. For these reasons, I would reverse the ruling of the trial court, and find that the actions of Hero Decks created sufficient minimum contacts for the exercise of personal jurisdiction. I respectfully dissent.