McCLENDON, J.,
agreeing and assigning additional reasons.
hi agree with the majority’s conclusion that the trial court did not err in granting the defendant’s exception raising the objection of lack of personal jurisdiction. I write separately to address whether the defendant purposefully availed himself of the privilege of conducting activities within Louisiana, thus invoking the benefits and protections of its laws.
As pointed out by the majority, minimum contacts are established when the nonresident defendant “purposely avails [himself] of the privilege of conducting activities within the forum [s]tate.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). This requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, de Reyes v. Marine Mgmt. and Consulting, Ltd., 586 So.2d 103, 106 (La.1991). However, where a defendant deliberately engages in significant activities within a state, or creates continuing obligations between himself and resident of the forum, he manifestly has availed himself of the privilege of conducting business there, de Reyes, 586 So.2d at 106.
As noted by the dissent in Crummey v. Morgan, 07-0087 (La.App. 1 Cir. 8/8/07), 965 So.2d 497, 509 (Welch, J., dissenting), writ denied, 07-1806 (La.11/9/07), 967 So.2d 509, 510, the overwhelming majority of courts have concluded that isolated sales on online auction sites do not rise to the level of “purposeful conduct” required to assert personal jurisdiction.
Nothing in this case suggests that Mr. Boelter made a conscious choice to specifically seek out sales with a Louisiana resident or residents or that he engaged in any other act which would indicate that he “purposefully availed” himself of the privilege of conducting business in Louisiana.