Mark Francis, Plaintiff-Appellant, 
against
Lynn S. Hogan, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Lisa A. Sokoloff, J.), entered on September 20, 2016, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.




Per Curiam.
Order (Lisa A. Sokoloff, J.), entered on September 20, 2016, affirmed, with $10 costs.This "breach of contract" action purportedly arises from plaintiff's attendance at Calhoun Community College [Calhoun], located in State of Alabama. The sole defendant named in the action is Lynn S. Hogan, who is the Chair of the Nursing Department at Calhoun.
Civil Court correctly dismissed the complaint pursuant to CPLR 3211(a)(8), based on plaintiff's failure to establish that the Alabama-domiciled defendant engaged in any purposeful acts in New York City sufficient to confer jurisdiction under Civil Court's long-arm statute (see CCA § 404[a]; Rodriguez v Universal Prod. Concepts, Inc., 33 Misc 3d 139[A], 2011 NY Slip Op 52106[U] [App Term, 1st Dept 2011]). No showing was made that defendant transacted any business within New York City, supplied goods or services in the City or committed any tortious act within the City (see CCA 404[a][1],[2]). That defendant, in her capacity as the Chair of Calhoun's nursing department, sent a letter to plaintiff in New York, did not, without more, constitute the transaction of business within the meaning of CCA 404(a)(1), particularly in the absence of any substantial relationship between the letter and defendant's alleged breach of contract (see Pugmire v Sunterra Fin. Servs., Inc., 23 Misc 3d 139[A], 2009 NY Slip Op 50964[U] [App Term, 1st Dept 2009]; Jones v Munroe, 2 Misc 3d 24 [2003]; see generally Granat v Bochner, 268 AD2d 365 [2000]).
Plaintiff has also failed to demonstrate that further discovery is needed on the jurisdictional issue (see Metro Health Prods., Inc. v Access Gen. Ins. Co., 42 Misc 3d 146[A], 2014 NY Slip Op 50348[U] [App Term, 2d, 11th and 13th Jud Dists 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 21, 2017