Milford District Court
No. 2001-138

ROBERT L. METCALF

v.

SHIRLEY LAWSON

Argued: May 14, 2002
Opinion Issued: June 25, 2002

*Robert L. Metcalf,* by brief and orally, *pro se.*

*Griffin & Owen, P.C.,* of Amherst (*John F. Griffin, Jr.* on the brief and orally) and *Cazden Law Office,* of Manchester (*Elizabeth Cazden* on the brief), for the defendant.

DALIANIS, J. The defendant, Shirley Lawson, appeals an order of the Milford District Court (*Ryan,* J.) denying her motion to dismiss for lack of personal jurisdiction. We reverse.

This case arises out of a breach of contract action involving an Internet transaction. The defendant, a New Jersey resident, advertised a "John Deere 30 mini excavator" on an Internet auction site known as "eBay." The defendant has never been physically present in New Hampshire.

Prior to bidding on the excavator, the plaintiff, Robert Metcalf, a New Hampshire resident, contacted the defendant through electronic mail (e-mail) to inquire about the product's quality. After receiving an e-mail message from the defendant assuring him that the product was in good condition, he bid on the excavator and won the auction.

Following the auction, the parties exchanged further e-mail messages and at some point the plaintiff informed the defendant that he was a New Hampshire resident. The plaintiff then traveled to New Jersey and purchased the excavator. After the transaction was concluded, the plaintiff experienced problems with the excavator and tried to contact the defendant, hoping to receive a partial refund. The defendant did not respond.

The plaintiff filed a small claims complaint. The defendant moved for dismissal, arguing that she was not subject to personal jurisdiction in New Hampshire. The court denied the motion, stating, in part:

> By advertising her John Deere excavator on "E-bay" for sale, the defendant knew or should hav[e] know[n] that the offer would be extended to possible buyers in all 50 states. The Court finds that by doing business on the Internet, the defendant has the requisite minimum contact with the State of New Hampshire.

This appeal followed.

"The plaintiff bears the burden of demonstrating facts sufficient to establish personal jurisdiction over the defendant." *Phelps v. Kingston*, 130 N.H. 166, 170 (1987). The plaintiff must offer affirmative proof to substantiate facts that relate to personal jurisdiction. *See Brother Records v. HarperCollins Publishers*, 141 N.H. 322, 324 (1996), *cert. denied*, 520 U.S. 1103 (1997). The plaintiff, however, need make only a *prima facie* showing of jurisdictional facts to defeat a defendant's motion to dismiss. *See id.* at 325.

In determining whether a defendant is subject to personal jurisdiction, we generally engage in a two-part inquiry. *Staffing Network, Inc. v. Pietropaolo*, 145 N.H. 456, 457 (2000). "First, the State's long-arm statute must authorize such jurisdiction. Second, the requirements of the [F]ederal Due Process Clause must be satisfied." *Id.* (citation omitted). Because we construe the State's long-arm statute as permitting the exercise of jurisdiction to the extent permissible under the Federal Due Process Clause, *see Alacron v. Swanson*, 145 N.H. 625, 628 (2000), our primary analysis relates to due process. *See Dagesse v. Plant Hotel N.V.*, 113 F. Supp. 2d 211, 215 (D.N.H. 2000).

Pursuant to the Federal Due Process Clause, a court may exercise personal jurisdiction over a non-resident defendant if the defendant has certain minimum contacts with the forum, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Alacron*, 145 N.H. at 628. "Where, as here, specific rather than continuous contacts with the forum are the basis for personal jurisdiction, whether these contacts are sufficient to confer jurisdiction over a foreign defendant depends upon the relationship between the defendant, the forum, and the litigation." *Id.*

In determining if the exercise of specific personal jurisdiction comports with due process, we examine whether: (1) the contacts relate to the cause of action; (2) the defendant has purposefully availed herself of the protections of New Hampshire law; and (3) it would be fair and reasonable to require the defendant to defend the suit in New Hampshire. *Skillsoft Corp. v. Harcourt General*, 146 N.H. 305, 308 (2001). All three factors must be satisfied in order for the exercise of jurisdiction to be

constitutionally proper, *Dagesse*, 113 F. Supp. 2d at 216, and each factor must be evaluated on a case-by-case basis. *Phelps*, 130 N.H. at 171. Because there appears to be no dispute in this case as to the first factor, we begin by considering if the defendant purposefully availed herself of the protections of New Hampshire's laws.

"The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established minimum contacts in the forum State." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987) (quotations and brackets omitted). Minimum contacts

> must have a basis in some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws .... Jurisdiction is proper where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State.

*Id.* at 109 (quotations and ellipsis omitted). "The focus of this inquiry, therefore, is not merely whether ... the defendant['s] contacts might have caused injury in New Hampshire, but whether these contacts should have given [the] defendant notice that ... she should reasonably have anticipated being haled into court in this State." *Alacron*, 145 N.H. at 628. The purposeful availment requirement ensures that a defendant will not be subjected to a forum State's jurisdiction based upon random, fortuitous or attenuated contacts. *Dagesse*, 113 F. Supp. 2d at 215.

It can be difficult to apply long-standing jurisdictional principles in cases involving Internet contacts. *See Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 113 (D. Conn. 1998). Nevertheless, while

> [t]he internet ... undoubtedly challenges the territorial-based concepts that courts have traditionally applied to problems of personal jurisdiction[,] ... it is equally true that traditional constitutional requirements of foreseeability, minimum contacts, purposeful availment, and fundamental fairness must continue to be satisfied before any activity — including internet activity — can support an exercise of personal jurisdiction.

*Dagesse*, 113 F. Supp. 2d at 220-21 (citations and quotations omitted). In analyzing the significance of Internet contacts, therefore, most courts hold that the constitutionality of a State's exercise of jurisdiction is proportionate to the nature and quality of the commercial activity the defendant conducts over the Internet. *See, e.g., Sports Authority*

*Michigan, Inc. v. Justballs, Inc.*, 97 F. Supp. 2d 806, 812-13 (E.D. Mich. 2000); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). A common analytical framework applied in these cases incorporates a sliding scale approach, which provides that:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Zippo Mfg. Co.*, 952 F. Supp. at 1124 (citations omitted).

The *Zippo* test is not particularly helpful in this case, however, because the majority of cases using it are based upon a defendant's conduct over its own website. *See, e.g., Dagesse*, 113 F. Supp. 2d at 219-24; *Sports Authority Michigan, Inc.*, 97 F. Supp. 2d at 812-14; *Zippo Mfg. Co.*, 952 F. Supp. at 1125-28. Unlike those cases, the transaction in this case was conducted through an Internet auction site. In analyzing this issue, we find *Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746 (E.D. Mich. 2000), instructive.

In *Winfield Collection, Ltd.*, the court held that two sales made to Michigan residents through eBay, standing alone, were insufficient to find that the defendant purposefully availed herself of the privileges and protections of the State of Michigan. *Id.* at 749. The court took judicial notice that the function of an auction is to permit the highest bidder to purchase the property offered for sale, and that the choice of the bidder is beyond the seller's control. *Id.* Thus, it reasoned that the defendant's sales in the forum were the result of random and attenuated contacts, insufficient for finding that the defendant purposefully availed herself of the privilege of doing business in Michigan. *Id.*

40

■ In this case, the defendant did not purposefully avail herself of the privilege of doing business in New Hampshire by selling her excavator through eBay. Like the defendant in *Winfield Collection, Ltd.*, she had no control over who would ultimately be the winning bidder on the excavator, nor could she exclude bidders from particular jurisdictions. While it is arguable that the defendant may have foreseen the possibility that a New Hampshire resident might bid on the excavator, foreseeability alone is insufficient to support the exercise of personal jurisdiction under the Federal Due Process Clause. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). "It is the conduct of the defendant[], rather than the medium utilized by [her], to which the parameters of specific jurisdiction apply." *Millennium Enterprises v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Or. 1999).

■ Nor do the e-mail communications between the parties create sufficient minimum contacts. First, the e-mail sent by the plaintiff prior to winning the auction cannot be a ground to support jurisdiction because that contact was the result of his unilateral activity. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Second, there is insufficient evidence to establish whether any subsequent e-mails were initiated by the defendant and when she was made aware that the plaintiff was a New Hampshire resident. Nothing indicates, therefore, that the defendant intentionally directed her activities at New Hampshire or was aware she was contracting with a New Hampshire resident until after the transaction was completed. *See Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1264-66 (6th Cir. 1996) (defendant knowingly contracted with Ohio company, directed activities at forum and engaged in ongoing commercial relationship through use of Internet). Consequently, even if we apply the *Zippo* test as encouraged by the plaintiff, we conclude that the defendant's contacts through the Internet are insufficient to warrant the exercise of jurisdiction.

■ Finally, what appears to be the isolated nature of this transaction and the absence of any evidence that the defendant was a commercial seller militate against a finding of jurisdiction. We reject the plaintiff's contention that jurisdiction exists because the defendant did not plead that she is a non-commercial seller or that she engaged in only one transaction on eBay. The plaintiff had the burden of offering some affirmative proof to substantiate facts that relate to personal jurisdiction. *Brother Records*, 141 N.H. at 324. To the extent the plaintiff attempts to introduce evidence on appeal to support his claim for jurisdiction, he is barred from doing so because it was not presented first to the district court. *State v. Natalcolon*, 140 N.H. 689, 691-92 (1996).

Accordingly, we conclude that the defendant did not engage in sufficient activity in this State to make it fair and reasonable for purposes of due process to require her to defend this claim here.

*Reversed.*

BROCK, C.J., and NADEAU and DUGGAN, JJ., concurred.