Torres v. Thomas, No. 448-8-04 Wncv (Katz, J., Nov. 23, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Washington County, ss.:                           Docket No.448-8-04 Wncv

TORRES

v.

ED THOMAS AUTOS AND LEASING, INC.

ENTRY

Plaintiff, a Vermont resident, purchased a used pickup truck from defendant through the Internet auction web site ebay. Defendant is a Florida-based auto dealership. Plaintiff brought suit in this court alleging consumer fraud. Defendant has challenged, pursuant to V.R.C.P. 12(b)(2), the personal jurisdiction of this court over Defendant. In opposing a 12(b)(2) motion, the plaintiff need only demonstrate facts which support a finding of jurisdiction. Roman Catholic Diocese of Burlington, Inc. v. Paton Insulators, Inc., 146 Vt. 294, 296 (1985).

"Vermont's long arm statute, 12 V.S.A. § 913(b), confers jurisdiction over non-resident defendants to the full extent permitted by the Due Process Clause." Dall v. Kaylor, 163 Vt. 274, 275 (1995). Due process requires that nonresident defendants have certain "minium contacts" with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Id. A key consideration of the minimum contacts requirement is whether "'the defendant's conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there.'" Id. at 276 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

The ubiquity of the Internet in contemporary American life has raised a wealth of novel jurisdictional issues. Most courts hold that state's exercise of jurisdiction is proportionate to the nature and quality of the commercial activity conducted over the Internet — a sliding scale approach. Metcalf v. Lawson, 802 A.2d 1221, 1225-26 (N.H. 2002). Courts have generally held that where a defendant merely establishes a passive web site, the mere availability of that web site in a state is insufficient to establish personal jurisdiction over defendant. See, e.g., Young v. New Haven Advocate, 315 F.3d 256, 263 (4th Cir. 2002). At the other end of the spectrum, a defendant entering into contracts with residents of a foreign jurisdiction with knowing and repeated transmission of computer files is generally held to have subjected itself to personal jurisdiction. See Zippo Mfg. Co v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124-26 (W.D.Pa. 1997) (describing the spectrum of Internet contacts and finding defendant's contact sufficient for personal jurisdiction). Use of Internet auction sites such as ebay falls somewhere in the middle.

In the few available decisions from courts that have considered Internet auction site sales specifically, the trend has been to find no personal jurisdiction based solely on the sale of goods. These courts have noted that the seller had no control over who would ultimately be the highest bidder and determined that the seller did not purposefully avail himself of the privilege of doing business in the forum state. Winfield Collection Ltd. v. McCauley, 105 F.Supp.2d 746, 749 (E.D.Mich. 2000); Metcalf, 802 A.2d at 1226. But see Montalvo v. First Interstate Finance Corp., 2005 WL 380727, *3 (Me. Super.) ("By conducting business on the Internet, [defendant] solicited and reached customers in Maine and set up negotiations and sales that resulted in merchandise being shipped to Maine and delivered to a Maine resident."). By contrast, when a contact initiated through a web site such as ebay leads to a continuing commercial relationship between parties, the seller/defendant may be subject to personal jurisdiction plaintiff/buyers's home state. McGuire v. Lavoie, 2003 WL 23174753 (N.D.Tex.) (finding that "this was not an isolated purchase by an anonymous bidder on an Internet auction site" but rather "the parties entered into a series of transactions" and plaintiff's identity and residence was known to defendant).

Of significance in this case is that defendant is in the business of selling cars via the Internet. This was a distinguishing fact in Dall v. Kaylor, 163 Vt. 274 (1995), that led the Court to conclude that an advertisement in a nationally circulated publication could render a defendant subject to Vermont personal jurisdiction. Id. at 276-77; accord Brown v. Cal Dykstra Equip. Co., 169 Vt. 636 (1999) (mem.). Unlike Carothers v. Vogeler, 148 Vt. 316 (1987), in which an individual who advertised sale of his restored auto by placement of a single advertisement in a national publication was not subject to jurisdiction, the Dall defendants

3

regularly advertised and held themselves out as dealers in the trade. 163 Vt. at 276-77. Defendant's use of ebay is analogous to nationally circulated advertising. The fact that Defendant is in the business of regularly advertising and selling autos through ebay renders <u>Dall</u> the controlling precedent. Even the <u>Metcalf</u> court, while finding no personal jurisdiction for an individual defendant who sold goods on ebay, commented that evidence that defendant was a commercial seller could have affected the outcome of that decision. 802 A.2d at 1227. Plaintiff has provided sufficient evidence that assertion of personal jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

A final factor which we deem significant is that the purchase here was of a motor vehicle. Hence, it is both a more substantial item, it is registered with the authorities in the purchaser's state, and its envisioned presence on the roads implicates factors of safety and public interest. Hence, although we might be inclined to come to a different ruling were the item a vase or a camera, we find the item sold also supports the exercise jurisdiction. Again, the seller should reasonably have envisioned that he might become subject to the courts in the buyer's home state.

Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

Dated this ___ day of November, 2005.

_____

4

Presiding Judge