THERIOT, J.
|2In this personal injury case, the plaintiff-appellant, Dr. Arthur Delahoussaye, individually and on behalf of his minor children, appeals a judgment entered by the Thirty-Second Judicial District Court, granting a declinatory exception of lack of personal jurisdiction in favor of the defendant-appellee, Frederick Boelter, III, and ordering the dismissal of all claims asserted by Dr. Delahoussaye against Mr. Boel-ter. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND
This suit derives from a bicycle accident that occurred in Houma, Louisiana, on or about September 11, 2012. The facts surrounding the accident are not presently in dispute. On the date in question, Dr. De-lahoussaye was riding his bicycle, a 2008 “Tarmac Expert” racing bicycle manufactured by Specialized Bicycle Components, Inc., in his neighborhood when he encountered a small gap in the concrete. Dr. Delahoussaye attempted to clear the gap by executing a “bunny hop” maneuver, whereby both wheels of the bicycle were temporarily lifted off the ground. Dr. De-lahoussaye cleared the gap, but when the front tire of his bicycle struck the pavement, the tire disconnected, pushing the front forks of the bicycle into the ground and propelling him over the handlebars and onto the pavement.
On July 80, 2013, Dr. Delahoussaye, a resident citizen of the state of Louisiana, filed suit against several named defendants, including the defendant-appellee, Mr. Boelter. Dr. Delahoussaye alleged that he had purchased the bicycle from Mr. Boelter, who had listed the bicycle for sale on eBay, an online auction site, approximately three- years before the accident. In pertinent part, Dr. Delahoussaye alleged that Mr. Boelter had | ^precipitated the accident by negligently removing secondary retention devices designed to prevent the detachment of the front tire. Dr. Delahoussaye argued that Mr. Boelter was therefore liable unto him for damages.
Mr. Boelter, a resident citizen of the state of Wisconsin, was served with citation and a copy of the petition by certified mail in accordance With the Louisiana long-arm statute. Through counsel, Mr. Boelter answered Dr. Delahoussaye’s suit and filed a declinatory exception of lack of personal jurisdiction under La. C.C.P. art. 925(A)(5). Mr. Boelter acknowledged that he sold the bicycle to Dr. Delahoussaye, but averred that the sale of a single item through eBay did not provide sufficient minimum contacts to support the exercise of personal jurisdiction over him. Following various pre-trial proceedings that are not at issue in this appeal, the trial court held a hearing on Mr. Boelter’s declinatory exception of lack of personal jurisdiction. The trial court took the matter under advisement, and, on June 26, 2015, signed a final judgment granting the exception and ordering the dismissal of all claims asserted by Dr. Delahoussaye against Mr. Boel-ter. Dr. Delahoussaye now appeals.
ASSIGNMENTS OF ERROR
Dr. Delahoussaye presents the following assignments of error:
1. The lower court erred in granting the defendant’s declinatory exception of lack of jurisdiction because “minimum contacts” clearly existed in this matter.
*636 2, The lower court erred in failing to determine that purposefully engaging in commercial activity with a Louisiana resident amounts to “minimum contacts” thus resulting in the constitutionally valid exercise of personal jurisdiction over the seller.
3. The lower court failed to properly apply directly applicable and controlling First Circuit-jurisprudence to the instant issue and this failure resulted in the erroneous ruling leading to the present appeal.
|¿STANDARD OF REVIEW.
In reviewing a judgment on an exception of lack of personal jurisdiction, we review the factual findings underlying the judgment under the manifest en-or -standard of review. However, the application of the facts to established rules of law is a legal question, and thus, the legal issue of personal jurisdiction over a nonresident by a Louisiana court is subject to the de novo standard of review. Southeast Wireless Network, Inc. v. U.S. Telemetry Corp., 06-1736 (La.4/11/07), 954 So.2d 120, 125. Here, there is no dispute as to the facts related to the jurisdictional issue, so we review the case de novo. See Southeast Wireless Network, Inc., 954 So.2d at 126, See also Frederic v. Zodiac Develop., 02-1178 (La.App. 1 Cir. 2/14/03) 839 So.2d 448, 452 (“Appellate courts conduct a de novo review of the legal issue of personal jurisdiction over a nonresident—”),
DISCUSSION
The sole issue in this case concerns the ability of the trial court to exercise personal jurisdiction over Mr, Boelter. The Louisiana long-arm statute, La. R.S. 13:3201, provides the statutory basis for the exercise of personal jurisdiction over a nonresident defendant:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing, injury or damage in this state by an offense or quasi offense committed through an act or omission out- . side of this state if he regularly does or solicits business, or engages in any 1 sother persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or , possessing a real right on immovable property in this state.
(6) Non-support of a. child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state'.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream- of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer’s marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with *637 the constitution of this state and of the Constitution of the United States.
Pursuant to La. R.S. 13:3201(B), Louisiana courts may now exercise personal jurisdiction over a nonresident on any basis consistent with the Louisiana Constitution and the Constitution of the United States. Therefore, the limits of La. R.S. 13:3201 and the limits of constitutional due process are coextensive, and the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirement. Frederic, 839 So.2d at 452. See also Petroleum Helicopters, Inc. v. Avco Corp., 513 So.2d 1188, 1192 (La.1987). The due process test requires that in order to subject a nonresident defendant to personal jurisdiction, the defendant must have sufficient minimum contacts with the forum state such that the maintenance of the- suit' does not offend traditional notions of fair play and substantial justice. Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126 (La.4/13/99), 731 So.2d 881, 885, cert. denied sub nom., Hollingsworth & Vose Co. v. Ruckstuhl, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999) (citing International Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
The constitutional due process test enunciated by the United States Supreme Court in International Shoe Co., 326 U.S. at 320, 66 S.Ct. 154, has evolved into a two-part test, the first part being the “minimum contacts” prong, which may be satisfied by a single act of the defendant, provided the act shows that the defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. See Ruckstuhl, 731 So.2d at 885 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The nonresident’s purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state. Ruckstuhl, 731 So.2d at 885 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).
The second part of the constitutional due process inquiry centers around the fairness of the assertion of jurisdiction. If the plaintiff satisfies his or her burden of proving minimum contacts, a presumption of reasonableness of jurisdiction arises and the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice so as to overcome the presumption of reasonableness created by the defendant’s minimum contacts with the forum state. Ruckstuhl, 731 So.2d at 885-86 (quoting de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 107 (La.1991)).
|7In the matter sub judice, Dr. De-lahoussaye is and has been at all operative times a resident citizen of Louisiana, whereas Mr. Boelter is and has been at all operative times a resident citizen of Wisconsin. Mr. Boelter is not a commercial seller of bicycles or other goods. In July of 2009, following unsuccessful attempts to locate an interested local buyer, Mr. Boel-ter advertised the bicycle at issue for salé, without restriction, on the online auction website eBay. Mr. Boelter received offers from various interested domestic and international parties, but ultimately agreed to sell the bicycle to Dr. Delahoussaye, the successful bidder in the online auction. Mr. Boelter did not have any prior relationship with Dr. Delahoussaye, did not initiate communications with Dr. Delahous-saye, and only discussed the transaction with Dr. Delahoussaye over the internet. Mr. Boelter accepted payment through an *638 intermediary, PayPal, and arranged the shipment of the bicycle to Louisiana entirely from his home state of Wisconsin. Other than the sale of the bicycle to Dr. Delahoussaye, Mr. Boelter has had no other contact with the state of Louisiana, except for a Super Bowl trip and a visit to a trade show wholly unrelated to the sale of bicycles.
Based upon these facts, we agree with the trial court that Mr. Boelter did not have sufficient minimum contacts with the state of Louisiana necessary to subject him to personal jurisdiction, and agree that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. Mr. Boelter’s contacts with the state of Louisiana were limited and fortuitous in nature. Mr. Boelter did not purposefully avail himself of the privilege of conducting business here, nor could he have reasonably anticipated being haled into court in Louisiana based upon the sale of a single item of his personal property to a Louisiana resident.
| sNotwithstanding the limited nature of Mr. Boelter’s contacts with the state of Louisiana, Dr. Delahoussaye argues on appeal that the trial court failed to apply directly applicable and controlling jurisprudence. Dr. Delahoussaye cites Crummey v. Morgan, 07-0087 (La.App. 1 Cir. 8/8/07), 965 So.2d 497, writ denied, 07-1806 (La.11/9/07), 976 So.2d 509, for the proposition that a single eBay transaction establishes sufficient minimum contacts to support the constitutional exercise of personal jurisdiction over a nonresident defendant.
We are mindful of our decision in Crum-mey, but find that case to be distinguishable from the matter at hand, and we decline to extend the holding of that case beyond the particular set of facts presented therein. In Crummey, 965 So.2d at 499, litigation arose from the sale of an allegedly defective recreational vehicle (RV) to a Louisiana resident by a nonresident defendant, which had advertised the RV for sale using eBay. The trial court denied the nonresident defendant’s decli-natory exception of lack of personal jurisdiction, and a divided panel of this court affirmed, finding sufficient minimum contacts to support the constitutional exercise of personal jurisdiction. Unlike in the instant case, there was evidence in that case that the nonresident defendant had engaged in multiple acts of commerce with Louisiana residents in the prior year. See Crummey, 965 So.2d at 500. See also Boschetto v. Hansing, 539 F.3d 1011, 1019 (9th Cir.2008), cert. denied, 555 U.S. 1171, 129 S.Ct. 1318, 173 L.Ed.2d 585 (2009) (citing Crummey, supra) (“[T]he cases that have found that jurisdiction was proper based on eBay sales relied heavily on the fact that the defendant was using the platform as a broader vehicle for commercial activity.”).
Simply put, we do not believe that the consummation of a sale using eBay is determinative of the constitutionality of the exercise of personal | ¡¡jurisdiction over a nonresident defendant. Traditional jurisdictional analysis should not be upended simply because a case involves technological developments that make it easier for parties to reach across state lines. See Boschetto, 539 F.3d at 1019 (citing World-Wide Volkswagen Corp., 444 U.S. at 293, 100 S.Ct. 559). The trial court correctly analyzed the constitutional due process test enunciated in International Shoe Co., supra, and, on the facts of this case, properly granted the declinatory exception of lack of personal jurisdiction in favor of Mr. Boelter.[1] Dr. Delahoussaye’s assignments of error lack merit.
*639 DECREE
For the foregoing reasons, we affirm the trial court’s judgment granting the decli-natory exception of lack of personal jurisdiction in favor of the defendant-appellee, Frederick Boelter, III, and ordering the dismissal of all claims asserted against him by the plaintiff-appellant, Dr. Arthur Dela-houssaye, individually and on behalf of his minor children. All costs of this appeal are assessed to Dr. Delahoussaye.
AFFIRMED.
McCLENDON, J., agrees and assign additional reasons.

. We note that our affirmance of the trial court’s judgment granting the declinatory ex *639 ception of lack of personal jurisdiction corresponds with the majority of judicial opinions that address whether personal jurisdiction can be established by way of a single eBay transaction with a resident of the forum state. See e.g., Sayeedi v. Walser, 15 Misc.3d 621, 835 N.Y.S.2d 840, 842-46 (N.Y.Civ.Ct.2007); Gossett v. HBL, LLC, 2006 WL 1328757 at *2-4 (D.S.C.2006) (unpublished); Karstetter v. Voss, 184 S.W.3d 396, 405 (Tex.App.2006); Metcalf v. Lawson, 148 N.H. 35, 802 A.2d 1221, 1227 (2002).